IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM SHARROCK,** : | |
| *Plaintiff,* : | |
| : | |
| v. : | Case No. 2:24-cv-1102-JDW |
| : | |
| **RADIUS GLOBAL SOLUTIONS LLC.,** : | |
| **et al.,** : | |
| *Defendants.* : | |

## MEMORANDUM

William Sharrock filed this civil action against four collection agencies, including Radius Global Solutions, LLC ("RGS"), raising claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.[1] For the following reasons, I will dismiss Mr. Sharrock's Complaint against RGS for failure to state a claim. But to give Mr. Sharrock an opportunity to cure the deficiencies I've identified, I will do so without prejudice.

**I.   BACKGROUND**

Mr. Sharrock alleges that on March 1, 2024, he discovered that RGS had "accessed and reviewed [his] Transunion consumer report . . . without any permissible purpose." (ECF No. 1, ¶ 9.) He states that RGS has never offered him credit; that he never

---

[1] Mr. Sharrock previously filed three essentially identical lawsuits on the same date for alleged violations of the FCRA. *See Sharrock v. Portfolio Recovery Associates, LLC,* Civ. A. No. 23-4314 (E.D. Pa.); *Sharrock v. Midland Credit Management, Inc.,* Civ. A. No. 23-4315 (E.D. Pa.); *Sharrock v. Radius Global Solutions, LLC,* Civ. A. No. 23-4338 (E.D. Pa.). He voluntarily dismissed each of these suits before refiling against all defendants in a single action.

initiated a credit transaction or entered a contract with RGS; that he did not give RGS his consent to access his credit report; and that he never had an account with RGS. (*Id.*, ¶¶ 14-19.) Mr. Sharrock offers a limited reading of the term "account" as it appears in the Fair Credit Reporting Act and concludes that RGS therefore "violated 15 U.S.C. § 1681b(f) by obtaining [his] consumer report for a purpose that is not authorized or permitted under the FCRA." (*Id.*, ¶ 31.)

## II.    LEGAL STANDARD

A district court may dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "[r]ules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Under that standard, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.*

In making its determination, the court must "draw on its judicial experience and common sense." *Id. First*, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. *Second*, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id. Third*, with respect to well-pleaded factual allegations, the court should accept those allegations as

true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790.

Because Mr. Sharrock is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that the statute does not authorize. *See* 15 U.S.C. §§ 1681b(f), 1681n(a)). "[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other: (1) pursuant to a court order; (2) pursuant to the written instructions of the consumer; (3) to persons whom the credit reporting agencies believe intend to use the information for specified purposes; (4) in response to a request from the head of a state or local child support agency; (5) to an agency administering a State child support plan; and (6) to the Federal Deposit Insurance Corporation or the National Credit Union Administration pursuant to applicable federal law." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022), *cert. granted sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636 (2023) (internal quotations and alterations omitted) (quoting 15 U.S.C. § 1681b(a)(1)-(6)). The permissible purposes set forth in § 1681b(a)(3)(A) include distribution of a credit report "to an entity that 'intends to use

the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*) (quoting 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

The factual allegations underlying Mr. Sharrock's assertion that RGS lacked a permissible purpose to review his credit report are that RGS did not have his consent to review his report and had no intention of extending credit to him or making a firm offer of credit. These allegations appear to relate to § 1681b(c), which "authorizes an offeror of credit to access certain information from a consumer's credit report" either with the consumer's consent or "without any prior contact from the consumer to extend to the consumer a 'firm offer of credit.'" *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 800 (3d Cir. 2016) (*per curiam*). Although a credit reporting agency may furnish a consumer's credit report in response to a court order or with the consumer's written consent, neither a court order nor consent are required if the entity seeking the credit report has a permissible purpose to do so, which includes debt collection. If RGS reviewed Mr. Sharrock's consumer report in connection with an effort to collect upon an account, these provisions would not apply.

As other courts have noted, RGS is a debt collector. *See Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56, 57 (3d Cir. 2018). Therefore, it is plausible that RGS had a valid reason to obtain Mr. Sharrock's report. Mr. Sharrock does not address this.

4

Instead, he argues that "account" can mean only a depository account, and that he has no such account upon which RGS could be trying to collect. This is nonsensical. The Third Circuit has held that collection of a credit account is a permissible purpose, and Mr. Sharrock's reading would contradict that holding. *See Huertas*, 641 F.3d at 34. Additionally, a depository account is rarely, if ever, subject to collection. While the Third Circuit has not directly addressed Mr. Sharrock's argument for a restrictive reading of "account" as it appears in the statute, my colleagues in the Eastern and Western Districts have, and I agree with their holdings. *See Anutani v. Diversified Consultants Inc.*, No. CV 16-4221, 2017 WL 75781, at *2 (E.D. Pa. Jan. 9, 2017) (Beetlestone, J.); *Fritz v. Cap. Mgmt. Servs., LP*, No. 2:12-CV-1725, 2013 WL 4648370 (W.D. Pa. Aug. 29, 2013) (McVerry, J.). Mr. Sharrock's factual assertions do not plausibly suggest any wrongdoing by RGS, so I will dismiss his Complaint.

It's unclear from Mr. Sharrock's Complaint and Opposition Brief whether he denies having a credit account on which RGS was attempting to collect. If he does, he needs to say so. Such an assertion would create a question of whether RGS had a permissible purpose, so I will grant him leave to amend his complaint.

## IV.    CONCLUSION

For the foregoing reasons, I will grant RGS's Motion To Dismiss. I will give Mr. Sharrock an opportunity to file an amended complaint in the event he can state additional facts that would give rise to a plausible claim under the FCRA. Any amended

complaint must take into account the analysis in this Memorandum. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 28, 2024